IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:18-CR-419-3 |
| | ) | |
| JONATHAN MONTERIO DAVIDSON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, Chief District Judge.

The defendant-inmate, Jonathan Davidson, is serving a 126-month sentence for one count of felon in possession of a firearm. He seeks a sentence reduction under § 3582(c)(1)(A) and (c)(2) based on the length of his sentence, his rehabilitative efforts, and a change in the way the guidelines consider age. Because he has not shown an extraordinary and compelling circumstance, and the § 3553(a) factors counsel against release, the motion will be denied.

### I. Procedural History

In 2018, Mr. Davidson was charged in a two-count indictment with various firearms crimes. Doc. 1. He pled guilty to one count of felon in possession of a firearm. Minute Entry 1/25/2019; Doc. 36. In 2019, he was sentenced to 126 months of imprisonment, to run concurrent to a state sentence on related charges and consecutive to other pending state charges if convicted. Doc. 101 at 2.[1] In 2020, Mr. Davidson filed a

---

[1] He had pending state charges at the time, most of which were unrelated to the offense of conviction in federal court. Doc. 88, ¶¶ 51–52.

letter motion asking the Court to amend his judgment to authorize running his federal sentence concurrently to the state sentence he received after his federal sentence was imposed. Doc. 129. The court denied the motion, finding that the Attorney General, through the Bureau of Prisons, has exclusive authority to award such credit. Doc. 130.

Although Mr. Davidson was only 22 years old at the time of his federal conviction, he had a lengthy criminal history. He had committed many crimes by the time he was 19, Doc. 88 at ¶¶ 34–39, and several more in his early 20s. *Id.* at ¶¶ 40–45. His criminal history score was 17, and his criminal history category was VI. *Id.* at ¶¶ 46–49. The guidelines suggested a sentence between 180 and 210 months. *Id.* at ¶ 79.[2]

The Court accepted the plea agreement and sentenced Mr. Davidson to a below-guidelines sentence of 126 months.[3] Minute Entry 01/25/2019; Doc. 101 at 1. The judgment was affirmed on appeal, Doc. 127, and his petition for certiorari was denied by the Supreme Court. Doc. 140.

In April 2025, Mr. Davidson filed a "Motion to Reduce Sentence Pursuant to 18 U.S.C. 3582(c)(1)(A), 3582(c)(2), 'Compassionate Release.'" Doc. 186. Now 28 years

---

[2] The Court adopted the pre-sentence report without change. Doc. 116 at 9:6–7. As stated in the report: "The offense of conviction is a violation of 18 U.S.C. § 922(g), and the defendant has at least three prior convictions for a violent felony or serious drug offense, or both, which were committed on different occasions, 1) Felony Breaking and/or Entering (14CRS43790-¶36), 2) Felony Breaking and/or Entering (14CRS55885-¶36), 3) Felony Breaking and/or Entering (15CRS59648- ¶37), Felony Breaking and/or Entering (15CRS60635-¶38), Felony Breaking and/or Entering (15CR 228201-¶39), and Felony Breaking and/or Entering (17CRS50579-¶41). Therefore, the defendant is an armed career criminal and subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e). The offense level for an armed career criminal is the greatest of §§4B1.4(b)(1), (b)(2) or (b)(3). In this case, the offense level of 33 is greatest and applicable offense level. USSG §4B1.4(b)(3)(B)." Doc. 88 at ¶ 27.

[3] The undersigned was the sentencing judge.

old, *see* Doc. 88 at 3, he contends that his sentence should be reduced because of the length of his sentence and his rehabilitative efforts and based on an amendment to the guidelines that changes the way they account for age. Doc. 186.

II. **Section 3582(c)(1)(A)**

A. **General Standard**

Courts do not have unfettered jurisdiction or discretion to modify criminal sentences. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) ("The law closely guards the finality of criminal sentences against judicial change of heart." (cleaned up)). A court may modify a sentence only when a provision in the Federal Rules of Criminal Procedure or a statute expressly permits. *See* 18 U.S.C. § 3582(c); *United States v. Moody*, 115 F.4th 304, 310 (4th Cir. 2024). Section 3582(c)(1)(A), often colloquially, if somewhat inaccurately, called the "compassionate release" provision, is one such statutory provision. *See Moody*, 115 F.4th at 310.

In 2018, the First Step Act amended § 3582(c)(1)(A) to allow defendant-inmates to move for compassionate release directly. Courts analyze compassionate release motions by first assessing whether extraordinary and compelling reasons exist and whether a sentence reduction is consistent with the applicable policy statement issued by the Sentencing Commission.[4] *Id.* If so, courts then consider whether the relevant § 3553(a) sentencing factors support early release. *Id.*

---

[4] The policy statement defining conditions that constitute extraordinary and compelling circumstances took effect November 1, 2023. *See* U.S. Sent'g Comm'n, *Amendments to the Sentencing Guidelines* (Apr. 27, 2023), https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202305_RF.pdf.

## B. Extraordinary and Compelling Circumstances

In the policy statement, the Sentencing Commission defines the limited and specific circumstances that individually or in combination constitute extraordinary and compelling circumstances. U.S.S.G. § 1B1.13(b). There are only six categories of circumstances that qualify. *See id.*

In his motion, Mr. Davidson seeks a reduction because he has served an unusually long sentence and based on a change in the way the guidelines consider age. Doc. 186 at 7–8. That suggests he is relying on U.S.S.G. § 1B1.13(b)(6), which addresses changes in the law. A defendant may show an extraordinary and compelling circumstance under § 1B1.13(b)(6) if: (1) the defendant has served at least 10 years imprisonment; (2) the defendant is serving an unusually long sentence; and (3) an intervening change in law "other than an amendment to the Guidelines Manual that has not been made retroactive" has produced a "gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(6).

Mr. Davidson does not qualify for relief under § 1B1.13(b)(6) because he has not served ten years[5] and he has not identified a change in law for which relief may be granted. He has not shown that his sentence is unusually long or that a change in the law other than a non-retroactive guideline change has produced a gross disparity.

It appears that Mr. Davidson relies on Amendment 829 to the guidelines. *See* Doc. 186 at 7–8. That provision, which became effective on November 1, 2024, amended

---

[5] The presentence report shows that Mr. Davidson went into custody on related state charges on August 21, 2018. Doc. 88 at 1.

4

U.S.S.G. § 5H1.1 to say that "[a] downward departure . . . may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses." U.S. Sent'g Comm'n, *Amendment 829*, https://www.ussc.gov/guidelines/amendment/829 (last visited Sep.17, 2025); *United States v. Rivers*, No. 19-CR-36, 2025 WL 1148519, at *1 (D. Md. Apr. 18, 2025).

Mr. Davidson did receive criminal history points for offenses he committed at a young age. Doc. 88 at ¶¶ 34–36, 38–41. But the Sentencing Commission did not make that amendment retroactive, *see* U.S.S.G. § 1B1.10(d); *Rivers*, 2025 WL 1148519, at *1 (collecting cases), and the policy statement explicitly excludes nonretroactive changes to the guidelines from serving as a change in law under § 1B1.13(b)(6). Mr. Davidson has not identified any other change in law.

In any event, even if the Court could consider this change in the guidelines, it is not likely that Mr. Davidson's sentence would be any different today. At his sentencing, he received the benefit of a downward departure based on a motion by the Government. Doc. 102 at 2, 4. Moreover, he has not shown that his sentence was unusually long or that there was a gross disparity between the sentence imposed and what he would receive today. Mr. Davidson has not demonstrated an extraordinary and compelling circumstance under § 1B1.13(b)(6).

Mr. Davidson also briefly mentions his rehabilitative efforts since entering federal custody, Doc.186 at 8, which suggests that he may also be relying on § 1B1.13(b)(5). That catchall provision authorizes a reduction for "any other circumstance or combination of circumstances that . . . are similar in gravity" to the first

5

Case 1:18-cr-00419-CCE    Document 188    Filed 09/18/25    Page 5 of 7

four reasons listed in the policy statement. U.S.S.G. § 1B1.13(b)(5). But "[r]ehabilitation of the defendant alone" is insufficient to constitute an extraordinary and compelling circumstance. 28 U.S.C. § 994(t); *see United States v. Crawley*, 140 F.4th 165, 169 (4th Cir. 2025); U.S.S.G. § 1B1.13(d). "[I]t may be considered as one factor among several" in evaluation of a defendant's motion for compassionate release. *United States v. Davis*, 99 F.4th 647, 659 (4th Cir. 2024); *see* U.S.S.G. § 1B1.13(d). Mr. Davidson's age and rehabilitative efforts do not suffice, in the Court's weighing of things, and he has not presented any other factor that, in combination with his asserted rehabilitative efforts, constitutes an extraordinary and compelling circumstance.

### C. 18 U.S.C. § 3553(a) Sentencing Factors

Even if Mr. Davidson had shown an extraordinary and compelling circumstance, the § 3553(a) sentencing factors do not weigh in favor of a sentence reduction. *See United States v. Malone*, 57 F.4th 167, 176 (4th Cir. 2023). Mr. Davidson had multiple previous convictions for breaking and entering and felony larceny, among other offenses. Doc. 88 at ¶ 5. When he was arrested in August 2018 for another breaking and entering, he was still wearing an ankle monitor as part of the conditions of his state probation supervision. Doc. 23 at 2. The August 2018 criminal conduct involved the theft of firearms from a residence. *Id.* at 1–2. Despite his young age, Mr. Davidson has a significant criminal history, having been convicted of many serious felonies, including a larceny of a firearm. Doc. 88 ¶ 41. Given his criminal history and the nature and circumstances of the offense, a sentence reduction from his below-guidelines sentence would not protect the public, provide adequate deterrence, or appropriately weigh the

seriousness of his crimes. Under these facts, his rehabilitative efforts and the other § 3553(a) factors do not change the Court's evaluation that a 126-month sentence is sufficient but not greater than necessary in Mr. Davidson's case.

### III. Section 3582(c)(2)

Mr. Davidson's motion also referenced 18 U.S.C. § 3582(c)(2) as a possible basis for a reduction in sentence. Doc. 186 at 1. Section § 3582(c)(2) applies only to defendants "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." In Amendment 821, the Sentencing Commission made two changes to the guidelines retroactive. The first requires that the defendant be a Zero Point Offender, which Mr. Davidson is not. Doc. 74 ¶ 43. The second benefits defendants who had two "status points" applied to their criminal history, in some circumstances. Mr. Davidson had such status points applied, Doc. 74 at ¶ 45, but even if both are subtracted he remains in criminal history category VI and thus his guideline range is not reduced. Under Amendment 821, he is thus not eligible for a sentence reduction.

It is **ORDERED** that the defendant's motion to reduce sentence, Doc. 186, is **DENIED.**

This the 18th day of September, 2025.

_____
UNITED STATES DISTRICT JUDGE